## MOLLIE PRENTICE *v.* COMMONWEALTH.

**Trials—Instructions Must be in Writing—No Particular Form—Given at Close of Evidence.**

The trial court is, on motion of either party, required to instruct the jury on the law applicable to the case, and the instructions must be in writing, and in discharging that duty the court may adopt such instructions prepared by the attorneys as he may deem applicable, or he may reject all those thus prepared and write out such as he may deem applicable to the case, and this must be done when the evidence is closed. If the instructions present the law of the case in an intelligible manner, the power of the Court of Appeals over them ceases.

APPEAL FROM JEFFERSON CIRCUIT COURT.

June 22, 1871.

OPINION BY JUDGE PETERS:

This appeal presents but one question for the determination of this court, and that is, did the court below err in instructing, or in refusing to instruct the jury?

An amendment to Sec. 226, Criminal Code, provides that when the evidence is concluded, the court shall on motion of either

party instruct the jury on the law applicable to the case which shall always be in writing.

In this case after the evidence was concluded both parties asked instructions all of which were refused by the court, and instructions given which were prepared by the court, to the giving of which appellant excepted.

By the section quoted from the Criminal Code: the court is required on the motion of either party to instruct the jruy as to the law applicable to the case and the instructions must be in writing. In discharging that duty, the court may adopt such instructions prepared by the attorneys representing the parties, as he may deem applicable to the case, or he may reject all those thus prepared, and write out such as he may deem more appropriate and submit those to the jury, this he must do when the evidence is closed.

The objection of appellant's counsel is to the mode pursued by the court below in giving the instructions, more than any particular error contained in said instructions prejudicial to his client.

The exposition of the law given by the court certainly cannot be regarded as a charge or summing up in the common understanding of those terms. The instructions were given when the evidence on both sides was concluded, and not after the arguments of the attorneys were closed, and they present the law to the jury as favorable for appellant as those asked by her attorney, and quite as favorable to her as she was entitled to have them. Indeed no particular error prejudicial to appellant has been designated, or shown, but the principal objection seems to be the refusal of the court to adopt those prepared and presented by appellant's attorney, and the way in which those given are written, we may observe that the mode adopted by the court is somewhat unusual in this state, and the subject was too much elaborated, and not as perspicuous as is desirable in such cases; but it is not within the province of this court to prescribe forms in which instructions are to be given. If they present the law of the case in an intelligible manner to the jury, our powers cease. In this case we think that was done and therefore the judgment must be *affirmed.*

*Jackson, for appellant.*

*Att'y Gen'l, for appellee.*